**MEI NA PIAO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 08–3003–ag.

United States Court of Appeals, Second Circuit.

March 26, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**6**

David A. Bredin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; Julie M. Iversen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Na Piao, an ethnic Korean Christian and a native and citizen of the People's Republic of China, seeks review of a May 19, 2008 order of the BIA affirming the December 14, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying Piao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Na Piao,* No. A99 532 249 (B.I.A. May 19, 2008), *aff'g* No. A99 532 249 (Immig. Ct. N.Y. City, Dec. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA's decision, *i.e.* minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA's decision affirmed the IJ's burden of proof finding but did not address the IJ's credibility determination, making it unclear whether the

BIA agreed with that finding. Accordingly, we assume Piao's credibility for the purposes of our analysis. *See Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

 We find no error in the IJ's conclusion that Piao failed to establish that the harm she fears bears a nexus to one of the protected grounds enumerated in the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1101(a)(42). For applications governed by the amendments to the INA made by the REAL ID Act of 2005, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Matter of J–B–N & S–M–,* 24 I. & N. Dec. 208 (BIA 2007). Specifically, in order to demonstrate persecution on account of a political opinion, the "applicant must [ ] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); *see also Matter of S–P–,* 21 I. & N. Dec. 486, 494–95 (BIA 1996).

Here, Piao harbored an undocumented immigrant from North Korea who had entered China illegally. Contrary to Piao's argument, the record does not suggest that, if Chinese authorities are looking to

arrest her, they are motivated, even in part, by Piao's political beliefs. Indeed, she conceded that the police in China sought to arrest her because she committed the crime of harboring refugees from North Korea. Accordingly, she has not provided evidence that would compel a reasonable fact-finder to conclude that a "central reason" for her arrest was her political opinion as opposed to her violation of generally applicable laws. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Yueqing Zhang,* 426 F.3d at 545.

■ Furthermore, Piao fails to provide any evidence demonstrating that she has suffered past persecution or has a well-founded fear of persecution on account of her religion. *See* 8 U.S.C. § 1101(a)(42). Therefore, the agency's denial of her asylum application was proper. *See Yueqing Zhang,* 426 F.3d at 545. Further, because Piao failed to establish her eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal with its higher burden of proof. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004).

■ Similarly, we find that the agency properly denied Piao's application for CAT relief.[1] Piao argues that the IJ failed to consider the country conditions evidence in detail, and that the country condition reports are "biased and outdated." Despite that argument, Piao fails to point to any record evidence indicating that she will more likely than not be tortured upon her return to China, or that the agency placed "excessive reliance" on the State Department reports. *See id.* at 130. Thus, without any particularized evidence that someone in her circumstances would more likely than not be tortured if returned to China, we will not disturb the agency's finding.

1. While Piao failed to challenge the IJ's denial of her CAT claim before the BIA, the BIA nonetheless addressed that relief in its decision, apparently excusing her failure to ex-

*See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003) (clarifying that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured); *Pierre v. Gonzales,* 502 F.3d 109, 118 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

haust. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994).